

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

A. G. FILE No. O-3447

Honorable Orville Bullington, Member
Board of Regents, University of Texas
City National Building
Wichita Falls, Texas

Dear Sir:

Opinion No. O-3447
Re: Incompatibility of offices of
Member of the Board of Regents
of The University of Texas and
Member of the Board of Directors
of the Wichita County Water Im-
provement District.

We have for acknowledgement your letter of April 22,
wherein you submit for the opinion of this department the follow-
ing question:

Your letter advises that you have been appointed and
have qualified as a Member of the Board of Regents of The Univer-
sity of Texas; that at the time of your appointment you were a
Member of the Board of Directors of the Wichita County Water Im-
provement District No. 1, created and existing under Title 128,
Chapter 2, Revised Civil Statutes of Texas; that as a Director of
the Water Improvement District, you are paid a statutory compensa-
tion of $5.00 for attending meetings of the Board.

Upon this state of facts, you ask whether under Article
16, Section 40 of the State Constitution, your acceptance and
qualification for the office of Member of the Board of Regents
of The University of Texas has worked a vacation of the office
of Member of the Board of Directors of the Wichita County Water
Improvement District No. 1.

Article 16, Section 40, of our State Constitution, pro-
hibits the holding by one person of more than one civil office of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

emolument, with certain exceptions not applicable here.

Each of the positions held by you is, without doubt, a civil office. The constitutional provision, however, is not directed to the holding of two civil offices, but to the holding of two civil offices of emolument.

"The Constitution applies only to offices of emolument. Emolument means a pecuniary profit, gain, or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

As a Member of the Board of Directors of the Wichita County Water Improvement District No. 1, you hold a civil office of emolument. See our Opinion No. O-2061, hereto attached. However, as a Member of the Board of Regents of The University of Texas, it is our opinion that you do not, in that position, hold a civil office of emolument. We find no provision of law authorizing the payment of any compensation, on a per diem basis or otherwise, to Members of the Board of Regents of The University of Texas. It is true, as you state in your letter, that the Regents of the University of Texas are entitled to be reimbursed for the expenses which they incur in the discharge of the duties of their offices, but reimbursement for expenses does not, in our opinion, constitute the office one of emolument, for in mere reimbursement for expenses there is involved no pecuniary profit, gain, or advantage to the officer.

You are advised, therefore, that in our opinion the constitutional incompatibility declared by Article 16, Section 40, with reference to civil offices of emolument, does not exist under the circumstances involved in your inquiry, and therefore, by the acceptance of the civil office of Member of the Board of Regents of the University of Texas, you have not, under Article 16, Section 40, of the State Constitution, vacated your office as Member of the Water Improvement District.

Aside from the constitutional inhibition involved in the Section above mentioned, there is, of course, the question of common law incompatibility. We do not believe, however, that

the duties of these respective offices are such as to render the holding of the one incompatible with the holding of the other. In our opinion, the two offices are entirely unrelated and in no respect do the duties of the one office conflict with the exercise of the duties of the other.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:db

APPROVED MAY 23, 1941

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN